UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-232(13) (JST/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRYANT JARODE CRITTEN,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant BRYANT JARODE CRITTEN (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349, and 2326. The defendant fully understands the nature and elements of the crime with which he has been charged.

2.   **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1



SCANNED
NOV 1 3 2020
U.S. DISTRICT COURT ST. PAUL

From in or about at least August 2013 through in or about February 2020, in the State and District of Minnesota, and elsewhere, defendant Bryant Critten did knowingly conspire with others known and unknown to devise a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, in connection with the conduct of telemarketing that victimized ten or more persons over the age of 55, and for the purpose of executing such scheme and artifice, caused the sending, delivering, and receipt of various matters and things by United States Postal Service and private and commercial interstate carrier, in violation of Title 18, United States Code, Sections 1341, 1349, and 2326.

More specifically, defendant Critten participated in a telemarketing fraud scheme involving magazine subscription sales. Defendant Critten worked as a telemarketer for Leisure Time Resources Inc. ("LTR"), a Florida-based company involved in fraudulent magazine sales. LTR was owed by co-defendants Anthony Moulder and John Blalock. LTR operated a telemarketing call center in Cape Coral, Florida.

LTR used fraudulent sales scripts to defraud victim-consumers, many of whom were elderly or otherwise vulnerable, out of hundreds or even thousands of dollars. The fraudulent sales scripts were designed to induce consumers, through a series of lies and misrepresentations, into making large or repeat payments to the companies. As part of the scheme, Moulder and Blalock obtained lists of consumers who had active magazine subscriptions through other companies. Moulder, Blalock, Critten,

and their co-conspirators knew that many of the consumers on these lists were elderly or otherwise susceptible to fraudulent and deceptive sales tactics.

Bryant Critten participated in the conspiracy as a telemarketer. Blalock provided Critten with fraudulent scripts. At Blalock's direction, and using the scripts, Critten called the people on these lists and, through a series of knowing and deliberate lies and misrepresentations, signed them up for expensive magazine subscriptions. Among other misrepresentations, Critten claimed—falsely—that he was calling from the victim-consumers' existing magazine subscription company and about an existing magazine subscription. Critten claimed—again falsely—that the victim-consumers' account was set to renew for another 60 month term at midnight, at a higher billing rate. Critten offered to take the automatic renewal off the account and reduce the victim-consumers' monthly billing rate. In reality, LTR often had no existing relationship with the victim-consumers and Critten was not calling about an existing magazine subscription. Instead, he was calling to defraud them by tricking them into unwittingly signing up for entirely new magazine subscriptions.

At times, and at the direction of Blalock, Critten would call lists of LTR's existing victim-consumers—or existing customers of the parent companies, including Gulf Coast Readers Inc., ARCO Media Inc., and KMK Magazines Inc., and, using a similarly fraudulent script, trick them into signing up for additional magazine subscriptions.

In the course of the scheme, Blalock, Critten, and LTR defrauded thousands of victims, including at least ten victims over the age of 55. Between August 2013 and

February 2020, LTR collected approximately $9,465,948 from victims as a result of this fraudulent scheme.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment (conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349, 2326) is a felony offense that carries the following statutory penalties:

    a. a maximum of 30 years in prison;

    b. a supervised release term of not more than 5 years;

    c. a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

    d. restitution as agreed to by the parties in this agreement; and

    e. a mandatory special assessment of $100.

7. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that the base offense level is 7. U.S.S.G. § 2B1.1(a)(1).

    b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 18 levels because the loss was more than $3.5 million but less than $9.5 million. U.S.S.G. § 2B1.1(b)(1)(J). The parties agree that the offense level should be

increased by 2 levels because the offense involved 10 or more victims and was committed through mass-marketing. U.S.S.G. § 2B1.1(b)(2)(A). The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that the offense level should be increased 4 levels because the defendant knew or should have known that the offense involved a large number of vulnerable victims. U.S.S.G. §§ 3A1.1(b)(1) and (2). The parties agree that the offense level should be increased 2 levels because the defendant was a manager or supervisor of a criminal activity. U.S.S.G. § 3B1.1(b). The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based

on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is 30, and the criminal history category is I, the Sentencing Guidelines range is 97 to 121 months of imprisonment.

g. Fine Range. If the adjusted offense level is 30, the Sentencing Guidelines fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3).

8. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the

parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant agrees, including under 18 U.S.C. § 3663A(a)(3), to pay $50,000 in restitution to all identified victims in this and related cases, regardless of if the defendant specifically defrauded any particular victim. Restitution will be apportioned to all identified victims, to be paid joint and several with all other related defendants.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement, agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets, and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the mail fraud scheme charged in Count One of the Indictment. The defendant also agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(8), any real or personal property used or intended to be used to commit, facilitate, or promote the commission of the mail fraud scheme charged in Count One of the Indictment, and any property constituting, derived from, or traceable to the gross proceeds the defendant obtained directly or indirectly as a result of that offense.

The United States reserves its right to seek the direct forfeiture of specific assets, a money judgment forfeiture against the defendant, and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

The defendant waives all statutory and constitutional defenses to the forfeitures described herein and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds.

15. **Venue Waiver.** Recognizing that the criminal conduct in this case occurred in the State and District of Minnesota, as well as in various other states and districts in the United States, the defendant waives all rights to challenge venue in the State and District of Minnesota.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 121 months of imprisonment, and an appeal by the government of the substantive reasonableness of a term of imprisonment below 97 months of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MacDONALD
United States Attorney

Date: 11/12/20

BY: JOSEPH H. THOMPSON
HARRY M. JACOBS
MELINDA A. WILLIAMS
Assistant United States Attorneys

Date: 11/12/20

BRYANT JARODE CRITTEN
Defendant

Date: 11/12/20

JILL BRISBOIS, ESQ.
JOE TAMBURINO, ESQ.
Counsel for Defendant